UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAKER HUGHES, INC., ET AL., § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> BRUCE NEAL STEVENS, ET AL., § <br> § <br> Defendants. § <br> § | CIVIL ACTION NO. 4:15-MC-1597 |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Quash filed by Movant The International Group, Inc. ("IGI"). (Doc. No. 1.) IGI asks this Court to quash a subpoena issued by Plaintiffs Baker Hughes, Inc. and Baker Petrolite Corporation because the subpoena seeks information that would disclose IGI's trade secrets. Upon consideration of the parties' briefing and arguments at the hearing held on July 15, 2015, IGI's Motion to Quash hereby is **GRANTED**.

No absolute privilege for confidential information or trade secrets exists. *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990). "Rule 45 provides that a court may place conditions upon the production of documents where the request requires disclosure of a trade secret or other confidential commercial information and the party seeking discovery shows a substantial need for the material that cannot otherwise be met without undue hardship." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390 (N.D. Tex. 2003) (citing Fed. R. Civ. P. 45(c)(3)(B)). The moving party must establish that the information sought is a trade secret and that its disclosure might be harmful. *Exxon Chemical Patents, Inc.*, 131 F.R.D. at 671. Disclosure to a competitor is presumptively more harmful than disclosure to a non-competitor. *Cmedia, LLC*, 216 F.R.D. at 391. If the moving party makes this showing,

1

the burden shifts to the non-movant to demonstrate that the requested information is both relevant and necessary to the underlying litigation. *Id.* The court then balances the benefits from producing the information against the potential injury that could accrue to the producing party by the disclosure itself. *Id. See also In re Subpoenas to Plains All American Pipeline, L.P.*, No. 1:11-CV-03543-WHP, 2014 WL 204447, at *4 (S.D. Tex. Jan. 17, 2014).

In this matter, IGI has established through an affidavit that the information sought is a trade secret and that its disclosure might be harmful. (Doc. No. 2, Exhibit C.) Plaintiffs have not, in turn, met their burden to show that the information sought is both relevant and necessary. Moreover, Plaintiffs have not established a "substantial need for the material that cannot otherwise be met without undue hardship." *Cmedia, LLC*, 216 F.R.D. at 390. Should Plaintiffs wish to reissue a subpoena to IGI, they must establish (1) what efforts have been made to obtain the same information from Defendants in the underlying litigation; (2) why Plaintiffs believe IGI would have the information sought; and (3) in the case of information sought to prove damages from lost sales, why Plaintiffs' own records of IGI's past purchase from Plaintiffs are insufficient.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 15th day of July, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE